J. R. Swan, J.
The statute provides (Swan’s Stat. 235, section 11), that the probate judge shall enter of record a confirmation of ■the verdict, fixing the value of the land, etc., “ and upon the payment of the amount for which the verdict is rendered, and such costs as may be assessed, the probate court shall render a judgment, to the effect, that the said corporation shall hold the property in the proceedings mentioned, for the purpose for which the same was appropriated, and enter the same upon record, and thereupon such •corporation shall hold the same accordingly.” Such is the final judgment of the court of probate, and its effect in these proceedings. Payment must be made before such final judgment.
The same statute also provides (sec. 21), that if the court of ■common pleas shall reverse the judgment of the probate court, “they shall retain the cause for trial and final judgment;” and that if upon certiorari, there shall he a second assessment, which •shall exceed in amount that first made, the corporation shall pay the excess to the owner of such property.”
The second assessment exceeded the first in the present case; but that excess has not been paid by the corporation; and final judgment of the court of common pleas on the assessment made in that court after the reversal of the proceedings of the probate court, can not be rendered, until the excess over that originally made in the probate court has been paid by the corporation. If •this were not so, the corporation would obtain title without having *154 first paid for the land appropriated; which would be a violation-’, of a constitutional provision upon this subject.
In the case before us, the proceedings are still in fieri in the common pleas. It is true the court have ordered the assessment to be-paid by the plaintiff, and rendered a judgment therefor. But tho-final j udgment in these cases is not a money judgment; but a judgment, upon payment of the excess over the amount assessed below,. “ to the effect, that the said corporation shall *hold the property in the proceedings mentioned, for the purposes for which the-same was appropriated.” Until judgment vesting title has been-, rendered by the court of common pleas, or some other final disposition made of the proceedings, a petition in error is premature.
The statute authorizes the corporation, upon payment of the assessment made in the probate court; to enter upon the premises,, notwithstanding a certiorari is prosecuted to tho common pleas. This is well enough, as the assessment, while unreversed, and until a new assessment is affirmed, may be presumed to be the true value-of the premises. But it can afford no protection to the corporation, after the new assessment, if that exceeds the first assessment.. In such case, they should pay the excess, and then take judgment for title in tho court of common pleas. "Whether such final judgment is necessary in the court of common pleas, when the second-assessment does not exceed the one below, it is not necessary in this-case to determine, though such would undoubtedly be the proper and safer practice.
The petition in this case, having been filed before the court of common pleas had finally disposed of the case, must be dismissed-
Bartley, C. J., and Brinkerhoee, Scott, and Sutliee, JJ., concurred.